Robert J. ROWLANDS, Plaintiff—Appellant,

v.

Chuck HANSON, Defendant—Appellee.

No. 01–36150.

D.C. No. CV–97–01645–HA.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM **

■ Robert J. Rowlands appeals pro se the district court's summary judgment in favor of Chuck Hanson in his diversity action alleging breach of contract, fraud, and violation of OR.REV.STAT. § 166.720, the Oregon Racketeering Influenced and Corrupt Organizations statute ("ORICO"). We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir.1996), we affirm.

Given that Rowlands sought only lost profits on his breach of contract claim, that claim fails because he did not show "with 'reasonable certainty' that profits were lost and that the loss was a result of [Hanson's] breach." *Willamette Quarries, Inc. v. Wodtli*, 93 Or.App. 306, 761 P.2d 1356, 1359 (Or.Ct.App.1988) (citation omitted); *see also Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 962 (9th Cir. 2001) (affirming dismissal of breach of contract claim because lost profits were too speculative); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998) (this court may affirm on any ground supported by the record).

■ The district court properly granted summary judgment on Rowlands's claim that Hanson forged one of the signatures required for Rowlands's requested promotion because he failed to show that the alleged forgery injured him. *See Adams v. Knoth*, 102 Or.App. 238, 794 P.2d 796, 799 (Or.Ct.App.1990) ("An essential element of a fraud claim is damages."). The district court also properly granted summary judgment on Rowlands's claim that when Hanson promised to promote him, Hanson either did not intend to do so or misrepresented his ability to do so. The evidence in the record shows that

Rowlands could not have justifiably relied upon Hanson's alleged promise after learning in December 1995 that Hanson could not unilaterally authorize the promotion. *See Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1439 (9th Cir. 1995). Given that Rowlands failed to demonstrate a prima facie fraud claim, the district court properly granted summary judgment on his ORICO claim as well. *See id.*

Contrary to Rowlands's contention, he was not entitled to a jury trial. *See Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir.1987) ("The very existence of a summary judgment provision demonstrates that no right to a jury trial exists unless there is a genuine issue of material fact suitable for a jury to resolve.").

■ The district court did not abuse its discretion in denying Rowlands's motion for sanctions because Rowlands failed to show how the requested discovery responses would have affected summary judgment. *Cf. Avery Dennison Corp. v. Allendale Mut. Ins. Co.*, 310 F.3d 1114, 1117–18 (9th Cir.2002) (per curiam).

■ Similarly, the district court did not abuse its discretion in denying Rowlands leave to amend following summary judgment. *See Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009, 1016–17 & n. 9 (9th Cir.1999) (affirming denial of leave to amend where plaintiff requested leave to amend after summary judgment, and proposed amendment was based on previously-known facts).

Rowlands's remaining contentions lack merit.

AFFIRMED.